SomEppi, J. (dissenting).
The order appealed from should be affirmed since the courts below have correctly found that petitioner is entitled to a building permit. Inasmuch as the construction of this building and its use as a delicatessen ante-ceded the off-street parking provision of the zoning ordinance, it was a valid nonconforming building which could be continued provided that additional or structural alterations were not made (Zoning Ordinance, § 9-1.08). There is no question here but that the change contemplated in petitioner’s plans to a restaurant does not fall into this category (Matter of 440 E. 102nd St. Corp. v. Murdoch, 285 N. Y. 298); nevertheless, the majority in this court finds that a permit should not issue simply because of a technical change from a delicatessen to a liquor-dispensing restaurant, even though both are permitted uses in the business zone. Absent an additional or structural alteration of the building, the off-street parking requirement does not apply to a prior nonconforming building. It is this consideration which is dispositive here. The other sections of the zoning ordinance (see, e.g., §§ 9-109, 9-112, 9-113), upon which the majority predicates its decision, do not support a different view since their application is limited to situations where a technical change in use does in fact entail a structural change. Thus, contrary to the position expressed by the majority, the pre-existing exception from the off-street parking requirement was not lost and petitioner has wrongfully been denied its building permit.
I would simply add that if I could agree that the ordinance should be applied to this property, I would then conclude that the application for a variance was properly denied. In this regard, the majority seems to retract from the view espoused in Matter of Overhill Bldg. Co. v. Delany (28 N Y 2d 449, 453-454) where we recently postulated that off-street parking requirements take on the semblance of limitations • on area *171 and as such must be resolved according to that body of law. Nevertheless, it is said that the case before us should be treated as one involving a use variance because off-street parking restrictions defy classification and it is necessary to look to the reasons for a parking restriction in our resolution of the problem presented. This was not the holding in Over-hill', there, our decision was premised on the nature of the restriction. Inasmuch as an off-street parking requirement limits the quantum of space that an owner of property may properly use, it restricts area in the same manner as minimum lot size or set-back requirements and it was for that reason that the controversy in Overhill was adjudicated under the principles enunciated in Matter of Fulling v. Palumbo (21 N Y 2d 30). Thus, it is my view that because of Overhill, use variance rules do not obtain here.
Chief Judge Fuld and Judges Burice, Bergan, Jasen and Gibson concur with Judge Breitel ; Judge Scileppi dissents and votes to affirm in a separate opinion.
Order reversed, with costs, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.